IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV144-1-MU

JERMAL DANIELS,                                )
                                               )
                        Plaintiff,             )
                                               )
        vs.                                    )
                                               )        **ORDER**
JAY BIGELOW, et al.,                           )
                                               )
                        Defendants.            )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint,

filed March 24, 2006.

Plaintiff, a federal pretrial detainee,[1] has filed the instant Complaint against two United

States Marshals and two county jail employees alleging that they have violated his federal

constitutional rights.   Plaintiff is seeking 11.5 million dollars in damages.

Plaintiff's alleges that Defendants Church and Edmond, both county jail employees,

violated his constitutional rights by complying with requests by the United States Marshal

Service that he be placed in isolation as a result of disruptive behavior.  Plaintiff was being

housed at the county jails at the request of the U.S. Marshals.  Plaintiff's custody status was not

_____

[1] Confinement conditions of pretrial detainees are to be evaluated under Due Process
Clause, rather than under Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).
However, typically the contours of the Due Process Clause in this context tend to be coextensive
with the substantive constitutional principles applied via the Eighth Amendment to convicted
inmates. See e.g., Riley v. Dorton, 115 F.3d 1159 1166-67 (4th Cir. 1997)(excessive force
claim); Hill v. Nicodermus, 979 F.2d 987, 991-92 (4th Cir. 1992)(medical needs).  The limited
length of a detainee's stay in facility may be considered in determining constitutionality of
conditions or restrictions. Bell, 441 U.S. at 542.

Dockets.Justia.com

at the discretion of either of these two defendants.  As such, Plaintiff fails to state a claim against

these two Defendants.

Although Plaintiff has filed his claims against Defendants Zen and Bigelow on a § 1983

form, because they are federal officials, his claims against them will be construed as Bivens

claims.  See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

Plaintiff alleges that Defendant Zen violated his constitutional rights when on July 13,

2005, he requested that Plaintiff be placed in disciplinary detention at Mecklenburg County Jail

for disciplinary reasons.[2]  More specifically, Plaintiff complains that he did not receive a hearing

regarding his placement in segregation.  In order to prevail on either a procedural or substantive

due process claim, an inmate must first establish that he was deprived of "life, liberty, or

property" by governmental action.  See Plyler v. Moore, 100 F.3d 365 (4th Cir. 1996).  In Sandin

v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that discipline in

segregated confinement does not present the type of atypical, significant deprivation in which a

State might conceivably create a liberty interest.  Id. at 486.  Consequently, a prisoner is not

typically entitled to the procedural safeguards set forth in Wolff v. McDonnell, 418 U.S. 539

(1974), when the resulting discipline is segregated confinement.  Notably, Plaintiff does not

assert that his segregated confinement imposed such an atypical hardship vis a vis ordinary

prison life as to create a liberty interest in avoiding it.  Consequently, Plaintiff has failed to state a

claim against Defendant Zen.

Plaintiff also alleges that on November 30, 2005, Defendant Bigelow flipped him over in

a chair during a court hearing allegedly resulting in "multiple injuries to head, shoulder, and back

---

[2]  Interestingly, Plaintiff does not dispute the alleged misbehavior.

- long term effect is still unknown."

In order to state an excessive force claim under the Fourteenth Amendment, a Plaintiff must establish that he received more than a *de minimus* injury.  Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997)(en banc)(relying upon Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979)); Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998)(en banc).  The *de minimus* requirement reflects the reality of the custodial setting which indicates that "[t]he Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial detainees against 'cruel and unusual punishment' and against 'excessive force  that amounts to punishment." Riley, 115 F.3d at 1167.  For this same reason, the Fourth Circuit has noted that "inherent in the Eighth and Fourteenth Amendments is the principle that not every malevolent touch by a prison guard gives to rise to a federal cause of action.  Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoners constitutional rights." Riley, 115 F.3d at 1167.

Plaintiff alleges that as a result of his fall from the chair caused by Defendant Bigelow he injured his neck, shoulder, back, and head.   The Court notes that at no time during the hearing, even immediately following the incident in question, did Plaintiff  indicate that he was injured in any way.[3]  In fact, the fall did not even cause Plaintiff to stop arguing.  Further supporting a conclusion that Plaintiff did not suffer any significant injury whatsoever is his own admission that his alleged injuries were treated with motrin over a seven day period.   Such treatment does not portend of a serious injury.  Based upon all the objective evidence, this Court finds that if Plaintiff was injured at all he suffered a *de minimus* injury. Consequently, Plaintiff's claim fails

---

[3] FTR Recordings, November 30, 2005.

as a matter of law.  See Riley, 115 F.3d at 167-68 (plaintiff's claim failed as a matter of law despite allegations that he suffered pain from cuffs, pain and welt from slap, fear for life and safety as well as nightmares and depression where despite a large volume of complaints there was no mention of injury related to incident); Taylor, 155 F.3d at 483-86 (plaintiff's claim failed as a matter of law despite allegations that police hit him in the back, punched his ribs, placed knee in lower part of his back, while grabbing his head and pulling it backward until his back popped and shoved a wooden object into his nose with such force that his nose hemorrhaged where his medical records showed Plaintiff was only treated for abrasions on his wrists and ankles, slight swelling in jaw area, tenderness in some ribs and some excoriation of mouth and therefore did not substantiate plaintiff's claims of injury).

Plaintiff also complains that on October 13, 2005, the electric shocking devises on his back and his full restraints were not removed at a pre-trial hearing.  Plaintiff does not identify who he is suing with regard to this claim.  Moreover, Plaintiff has no constitutional right to have these items removed at a pre-trial hearing.  Plaintiff's claim is dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that the Plaintiffs' Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e).

Signed: April 5, 2006

Graham C. Mullen
United States District Judge

4